IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WENDY M. WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIV. ACT. NO. 1:25-cv-63-TFM-N |
| ) | |
| UNITED STATES POSTAL SERVICE IN ) | |
| PRICHARD, ALABAMA AND MOBILE, ) | |
| ) | |
| Defendants. ) | |
| | |
| WENDY M. WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIV. ACT. NO. 1:25-cv-93-TFM-N |
| ) | |
| RICHARD BURNS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

On December 4, 2025, the Magistrate Judge entered a report and recommendation in each of these cases in which she recommends the action be dismissed without prejudice for failure to comply with the court's orders.  *See* Doc. 33 in *Williams v. United States Postal Service*, Civ. Act. No. 1:25-cv-63-TFM-N (S.D. Ala.) (hereinafter "Case 1"); Doc. 13 in *Williams v. Burns*, Civ. Act. No. 1:25-cv-93-TFM-N (S.D. Ala.) (hereinafter "Case 2").  Despite a plethora of filings in the cases, no objections were filed nor did Plaintiff comply even after the entry of the recommendation. Rather she filed unexplained documents that do not relate in any way to the issue.

Fed. R. Civ. P. 41(b) authorizes dismissal of a complaint for failure to prosecute or failure to comply with a court order or the federal rules.  *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373,

1374 (11th Cir. 1999). Further, such a dismissal may be done on motion of the defendant or *sua sponte* as an inherent power of the court. *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005). "[D]ismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." *Vil v. Perimeter Mortg. Funding Corp.*, 715 F. App'x 912, 915 (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)). "[E]ven a non-lawyer should realize the peril to [his] case, when [he] . . . ignores numerous notices" and fails to comply with court orders. *Anthony v. Marion Cty. Gen. Hosp.*, 617 F.2d 1164, 1169 (5th Cir. 1980); *see also Moon*, 863 F.2d at 837 (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.). Therefore, the Court finds it appropriate to exercise its "inherent power" to "dismiss [Plaintiff's claims] *sua sponte* for lack of prosecution." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962); *see also Betty K Agencies, Ltd.*, 432 F.3d at 1337 (describing the judicial power to dismiss *sua sponte* for failure to comply with court orders).

In the last 2-3 years, Plaintiff has filed twenty separate lawsuits. This is also not the first time that Plaintiff has been ordered to file a properly supposed motion to proceed *in forma pauperis* or pay the filing fee. In fact, the undersigned previously adopted a Report and Recommendation under very similar circumstances in another case filed by this plaintiff. *See Williams v. T-Mobile, USA*, Civ. Act. No. 1:24-cv-112-TFM-B (S.D. Ala. 2025), Docs. 8, 9, 10. Plaintiff, instead of complying, simply files amended complaints or an unsupported application. *See Williams v. Mobile Police Department*, Civ. Act. No. 1:25-cv-37-KD-MU (S.D. Ala. 2025); *Williams v. AT&T*, Civ. Act. No. 1:24-cv-92-JB-MU (S.D. Ala. 2024); *see also Williams v. Microsoft*, Civ. Act. No. 1:25-cv-246-KD-B (S.D. Ala.), Doc. 4 (Report and Recommendation entered on September 10, 2025 for failure to comply on filing a motion to proceed without prepayment of

fees or having paid the filing fee).

On July 31, 2025, the undersigned entered an injunction which stated:

> 1.   Williams is ENJOINED from commencing any further civil actions in this Court unless the complaint or other commencing document is accompanied, at the time of filing, by either the full filing and administrative fees for instituting a civil action — currently $405 but as may be changed from time to time — or by a fully completed motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915 that is on the Court's prescribed form, available on the Court's website (https://www.alsd.uscourts.gov/filing-without-attorney or on request to the Clerk of Court at no charge.
>
> 2.   The Clerk of Court is directed to not open any new cases for Williams unless she has complied with the directive in paragraph 1. Any filings from Williams that do not so comply shall be held by the Clerk of Court without being made part of the Court record, and all accumulated filings shall be mailed back to her at her last known address on the first business day of each month.
>
> 3.   This filing injunction does not apply to any petition for a writ of habeas corpus Williams may file, nor does it apply to any case she commences through licensed counsel.

*Williams v. Tik Tok, Inc.*, Civ. Act. No. 1:24-cv-130-TFM-N (S.D. Ala. July 31, 2025), Doc. 6.

Then on September 19, 2025, the Court entered yet another admonishment relating to the failure to file an appropriately supported application to proceed *in forma pauperis*. *Williams v. Mobile Police Department*, Civ. Act. No. 1:25-cv-151-TFM-MU (S.D. Ala. Sep. 19, 2025), Doc. 15. In that case, the Court noted that while she did not complete the employment section and stated she had no income, but also indicated property valued at $1,527,672.00, no cash in banks, no expenses, has a tax debt, and "I have more than enough" to pay for basic living needs. *See id.*, Doc. 7 at 2-3. Finally, in that case, the Court warned:

> Frankly, enough is enough with regard to the drain on judicial resources dealing the various attempts to get Williams to comply with the most basic issues in the initiation of her lawsuits. Given her propensity to file *pro se* cases with this same problem over and over, the undersigned finds it appropriate to send a copy of this opinion to the judges assigned to the other cases filed by Plaintiff in this district to bring this to their attention.

*Id.*, Doc. 15 at 4.

Yet again, the Court is facing two more occasions where Plaintiff simply refuses to comply with court orders. In both cases the Magistrate Judge issued an order wherein she noted several deficiencies and ordered compliance. *See* Case 1, Doc. 12; Case 2, Doc. 31. There is simply no reasonable explanation for Plaintiff's continued abuse of the court process.

Normally a dismissal under Rule 41(b) merits a dismissal without prejudice which is what the Magistrate Judge recommended. However, given the continued abuse that Williams continues to heap upon the Court – abusing the limited resources with frivolous filings – the Court finds that dismissal **<u>with prejudice</u>** is appropriate and here is why.

Dismissal with prejudice under Rule 41(b) "is considered a sanction of last resort, applicable only in extreme circumstances." *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985). Further, it "is plainly improper unless and until the district court finds a clear record of delay or willful conduct and that lesser sanctions are inadequate to correct such conduct." *Betty K. Agencies, Ltd.*, 432 F.3d at 1338-39. Mere negligence or confusion is not enough to make a finding of delay or willful misconduct. *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006) (citing *McKelvey v. AT&T Techs., Inc.*, 789 F.2d 1518, 1520 (11th Cir. 1986)).

Plaintiff is a familiar litigant in this Court and has been warned repeatedly about her improper use of the *in forma pauperis* process. Therefore, the Court need not give her endless chances to comply when she has been told, warned, and admonished over and over again. As previously stated enough is enough. It is clear here that this is not mere negligence or confusion. Plaintiff is willfully refusing to comply and it is wasting court time and resources. Therefore, dismissal with prejudice seems to be the only sanction left that the Court has not yet tried. Therefore, the Court exercises such discretion here.

Accordingly, after due and proper consideration of all portions of this file deemed relevant to the issues raised, and there having been no objections filed, the Reports and Recommendations of the Magistrate Judge (Case 1, Doc. 13; Case 2, Doc. 33) are **ADOPTED** as modified. Therefore, these two cases are **DISMISSED with prejudice** as no lesser sanction will suffice.

Separate judgments will issue pursuant to Fed. R. Civ. P. 58.

**DONE** and **ORDERED** this 10th day of February, 2026.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE